UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHELLE HARRISON,** | ) |
| | ) |
| <u>Pro se</u> **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. 06CV1756 (RJL) |
| | ) |
| **EVETTE LANE** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**DEFENDANT'S MOTION TO DISMISS**

Pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) Defendant, through counsel, move this Court for an Order dismissing this case for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.

<u>Pro se</u> Plaintiff is hereby advised that failure to respond to a dispositive motion may result in the district court granting the motion and dismissing the case. See <u>Fox v. Strickland</u>, 837 F.3d 507, 509 (D.C. Cir. 1988). In support of this Motion, Defendants respectfully refer the Court to the attached Memorandum of Points and Authorities and proposed order.

May 2, 2007                    Respectfully submitted,

                    s/
                    JEFFREY A. TAYLOR, D.C. BAR # 498610
                    United States Attorney



                    s/
                    RUDOLPH CONTRERAS, D.C. BAR # 434122
                    Assistant United States Attorney

                          _____s/_____
                          KAREN L. MELNIK, D.C. BAR # 436452
                          Assistant United States Attorney
                          United States Attorney's Office
                          Civil Division
                          555 4th Street, N.W.
                          Washington, D.C. 20530
                          (202) 307-0338

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MICHELLE HARRISON, | ) | |
| | ) | |
| Pro se Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06CV1756 (RJL) |
| | ) | |
| EVETTE LANE | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF ITS MOTION TO DISMISS**

Plaintiff filed the instant Complaint seeking unknown damages for an alleged tort occurring on September 28, 2006. Plaintiff's effort is fatally flawed because she failed to exhaust her administrative remedies with the Department of Veterans Affairs, as required by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b). Moreover, to the extent that plaintiff attempts to allege a claim against Evette Lane personally, plaintiff fails to state a claim pursuant to 28 U.S.C. § 2680(h).

**PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff originally filed this matter in the Superior Court of the District of Columbia. To the extent that defendant can discern plaintiff's Complaint, it appears that she is alleging that Evette Lane, a nurse employed with the Department of Veterans Affairs, assaulted her verbally and physically on September 28, 2006.

On October 16, 2006, defendant filed a Notice of Removal from the Superior Court of the District of Columbia. See docket entry 1. On October 26, 2006, plaintiff filed a motion for a temporary restraining order in this Court, which was denied sua sponte for failure to demonstrate

an immediate and irreparable injury.  See docket entry 3.  On March 29, 2007, the Court ordered that defendant file a dispositive motion within 45 days of entry of the order.

When a claim is filed pursuant to the FTCA, which arises out of the alleged negligent or wrongful acts or omissions of employees of the U.S. Department of Veterans Affairs who are located in the District of Columbia, the claim is forwarded to the Regional Counsel's Office in either Washington, D.C. or Baltimore, Maryland.  See Exhibit 1 (Declaration of Frank D. Giorno) ("Giorno Decl.") at ¶ 2.  The Regional Counsel's Office is responsible for administrative processing and investigation of such claims.  See id.  A review of the files made and maintained in both the Washington, D.C. and Baltimore, Maryland offices reveals that plaintiff has not filed an administrative tort claim against the United States concerning any of the claims made in this lawsuit.  See id. at ¶ 3.  Because plaintiff failed to exhaust her administrative remedies pursuant to the FTCA, this Court lacks subject matter jurisdiction, and the complaint should be dismissed without prejudice.

## ARGUMENT

**I.    Legal Standards**

Defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(1), as the Court lacks jurisdiction over the subject matter.  "In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the Court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." Thompson v. Capitol Police Board, 120 F. Supp.2d 78, 81 (D.D.C. 2000) (citations omitted); see also Vanover v. Hantman, 77 F. Supp.2d 91, 98 (D.D.C. 1999), aff'd 38 Fed. Appx. 4 (D.C. Cir. 2002).  "The court is not required, however, to accept inferences unsupported by the facts alleged

2

or legal conclusions that are cast as factual allegations." Rann v. Chao, 154 F. Supp. 2d 61, 64 (D.D.C. 2001), aff'd, 346 F.3d 192 (D.C. Cir. 2003), cert. denied, 125 S. Ct. 35 (2004). In addition, "[on] a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence." Thompson, 120 F. Supp.2d at 81; Vanover, 77 F. Supp.2d at 98.

Furthermore, a motion to dismiss brought pursuant to Rule 12(b)(6) should be granted if it is beyond doubt that a plaintiff can demonstrate no set of facts that supports his claim entitling him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000).

**II.     The United States Shall Be Substituted As Defendant In This Action**

In this case, plaintiff filed suit against Evette Lane, a nurse employed at the Veterans Hospital in Washington, D.C., alleging a tort arising from her actions taken as a nurse. See Complaint and attachments thereto. When a federal employee is sued for a wrongful or negligent act, the United States Attorney General, or by designation the United States Attorney in the district where the claim is brought (or his designee), may certify that the employee was acting at the time within the scope of his employment. See 28 U.S.C. § 2679(d)(1). Specifically, this statute provides:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1) (emphasis added). In short, where the Attorney General's designee has

3

filed a certification that the original defendant was acting within the scope of his employment, such certification has the following two effects: (1) it requires the substitution of the United States for the federal employee as the defendant in the lawsuit; and (2) it converts the lawsuit into an action against the United States under the FTCA. See 28 U.S.C. §§ 1346(b), 2671 et seq.; see also Haddon v. United States, 68 F.3d 1420, 1423 (D.C. Cir. 1995); Vanover, 77 F. Supp.2d at 97.

Included with this Motion to Dismiss is a corrected Certification of Rudolph Contreras, Civil Chief, United States Attorneys Office for the District of Columbia, certifying that defendant Evette Lane was acting within the scope of her authority as an employee of the United States at the time of the alleged incident.[1] See Exhibit 2 (attached hereto). Accordingly, the suit becomes one against the United States under the FTCA. See Haddon, 68 F.3d at 1423; Gustave-Schmidt v. Chao, 226 F. Supp.2d 191, 200 (D.D.C. 2002).

**III.    This Court Lacks Subject Matter Jurisdiction To Hear This Action**

The doctrine of sovereign immunity bars all suits against the United States except where such immunity is expressly waived by Congress. See United States v. Testan, 424 U.S. 392, 399 (1976). The sovereign immunity of the United States protects it and its agencies from suit absent an express waiver. See FDIC v. Meyer, 510 U.S. 471, 484-86 (1994); United States v. Nordic Village, 503 U.S. 30, 33-34 (1992) (waivers must be "unequivocally expressed"); United States v. Mitchell, 445 U.S. 535, 538 (1980); Information Sys. & Networks Corp. v. United States Department of Health & Human Servs., 970 F. Supp. 1, 3 (D.D.C. 1997) ("Defendants, as federal

---

[1] The original certification filed with the Notice of Removal inadvertently stated plaintiff's name rather than defendant's name.

agencies, are immune from suit unless the government has expressly waived that immunity.") (citation omitted).

Sovereign immunity is jurisdictional. As the Supreme Court has recognized, the "terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Sherwood, 312 U.S. 584, 586 (1941); see also Alexander v. Americans United, Inc., 416 U.S. 752, 767 n.5 (1974) (Blackmun, J., dissenting). When a plaintiff seeks monetary relief for torts against the United States or a department of the United States, the only possible basis for relief is under the FTCA. The FTCA authorizes district courts to hear suits against the United States

> for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b); see also Cope v. Scott, 45 F.3d 445, 447 (D.C. Cir. 1995).

The FTCA mandates that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing by certified or registered mail of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b) (emphasis added); Kubrick v. United States, 444 U.S. 111, 117-18 (1979) (noting that Courts are not to extend this waiver of sovereign immunity beyond what Congress intended). Although phrased in the disjunctive, "this statute requires a claimant to file an administrative claim within two years [of accrual] and file suit within six months of its denial."

5

Houston v. United States Postal Serv., 823 F.2d 896, 902 (5th Cir. 1987) (emphasis in original) (citing numerous cases). See also Willis v. United States, 719 F.2d 608, 612 (2d Cir. 1983); Schuler v. United States, 628 F.2d 199, 201 (D.C. Cir. 1980).

The FTCA required that plaintiff file an administrative claim with the United States Department of Veterans Affairs prior to instituting this action. 28 U.S.C. § 2401(b). Plaintiff has not done so. See Exhibit 1 (Giorno Decl.) at ¶ 3. Accordingly, she has failed to exhaust her administrative remedies and this action should be dismissed for lack of subject matter jurisdiction. Kubrick, 444 U.S. at 117-18.

In addition, because plaintiff's claim sounds in the common law tort of assault, and the individually named defendant is not an investigative or law enforcement officer of the United States Government, the provisions of the FTCA waiving sovereign immunity are inapplicable. See 28 U.S.C. § 2680(h). Thus, plaintiff fails to state a claim upon which relief may be granted, and her case should be dismissed with prejudice. See Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

Because Plaintiff failed to exhaust her administrative remedies under the FTCA, this Court should dismiss the Complaint for lack of subject matter jurisdiction. Additionally, because plaintiff fails to state a claim upon which relief may be granted, this Court should dismiss this case with prejudice.

May 2, 2007                    Respectfully submitted,

                               ___/s/_____
                               JEFFREY A. TAYLOR, D.C. Bar #498122
                               United States Attorney

                /s/
_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney


                /s/
_____
KAREN L. MELNIK, D.C. Bar # 436452
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
(202) 307-0338
(202) 514-8780 (facsimile)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Defendant's Motion to Dismiss, was sent via first class mail on the 2nd day of May, 2007, to the following:

Ms. Michelle Harrison
414 37th Place, S.E. apt. 201
Washington, D.C. 20019

                                              Karen L. Melnik
                                              Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHELLE HARRISON,** | ) |
| | ) |
|     <u>Pro</u> <u>se</u> **Plaintiff,** | ) |
| | ) |
| v. | )     Case No. 06CV1756 (RJL) |
| | ) |
| **EVETTE LANE** | ) |
| | ) |
|     **Defendant.** | ) |
| | ) |

**ORDER**

UPON CONSIDERATION of Defendant's motion to dismiss, and the entire record herein, it is this ___ day of _____, 2007, hereby

ORDERED, that Defendant's motion to dismiss is hereby GRANTED; and it is

FURTHER ORDERED, that this case is dismissed with/without prejudice.

_____
UNITED STATES DISTRICT JUDGE

<u>Copies of this Order to:</u>

Karen L. Melnik
Assistant U.S. Attorney
Judiciary Building
555 Fourth Street, N.W., Rm. E-4112
Washington, D.C. 20530

Michelle Harrison
414 37th Place, S.E. apt. 201
Washington, D.C. 20019

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHELLE HARRISON )
)
)
Plaintiff, )
)
v. ) Civil Action No. 06-1756-RJL
)
NURSE EVETTE LANE )
)
)
Defendant. )

### DECLARATION

I, Frank D. Giorno, declare the following:

1. That I am the Regional Counsel, Region 3, U.S. Department of Veterans Affairs, with offices located at 1722 I Street, Suite 302, Washington, DC 20421, and 3900 Loch Raven Boulevard, Building 4, Baltimore, MD 21218.

2. As Regional Counsel for Region 3, I have custody of records and files pertaining to claims filed under the Federal Tort Claims Act against the United States arising out of the alleged negligent or wrongful acts or omissions of employees of the U.S. Department of Veterans Affairs in our area of responsibility which covers Maryland, the District of Columbia, the northern part of Virginia, and the eastern portion of West Virginia. All such claims are forwarded to our offices in either Washington, DC, or Baltimore, MD, for administrative processing and investigation.

3. I have reviewed the files made and maintained in the regular course of business in our offices in both Washington, DC, and Baltimore, MD, and have found that Plaintiff has not previously filed an administrative tort claim against the United States concerning any of the matters stated in this suit.

4. I declare under penalty of perjury that the foregoing is true and correct.

April 4, 2007

FRANK D. GIORNO
Regional Counsel, Region 3
U.S. Department of Veterans Affairs
1722 I Street, NW, Suite 302
Washington, DC 20421

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHELLE HARRISON | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06cv1756 (RJL) |
| | ) |
| NURSE EVETTE LANE | ) |
| | ) |
| Defendant. | ) |
| | ) |

**CORRECTED CERTIFICATION**

I, Rudolph Contreras, Chief of the Civil Division, Office of the United States Attorney for the District of Columbia, acting pursuant to the provisions of 28 U.S.C. § 2679(d), and by virtue of the authority delegated to the United States Attorney by 28 C.F.R. § 15.4, and first redelegated to me on March 20, 2006, hereby certify that I have read the complaint in <u>Michelle Harrison v. Nurse Evette Lane</u>, No. 0007449-06 (Super Ct. DC filed October 3, 2006), and that on the basis of the information now available to me with respect to the incidents alleged therein, I find that the named federal defendant – Evette Lane – was acting within the scope of her employment as an employee of the United States at the time of the alleged incidents.

May 2, 2007

RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney
Chief, Civil Division